UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALVIN N. MAULTSBY,

      Plaintiff,

v.                                  Case No.  8:17-cv-1579-T-23TBM

ALBERTUS MAULTSBY,

      Defendant.
                                        /

## REPORT AND RECOMMENDATION

THIS MATTER is before me following a show cause hearing on January 4, 2018.  As explained below, I recommend that Plaintiff's case be dismissed with prejudice.

The pertinent procedural history of this case is as follows.  Plaintiff, Calvin N. Maultsby, who is proceeding *pro se*, filed his suit against Defendant June 30, 2017.  (Doc. 1).

By Order of July 5, 2017, the parties were directed to meet to prepare a joint case management report within forty-five days after Defendant was served with the complaint or appeared, whichever occurred first.  (Doc. 4).

Plaintiff filed an amended complaint August 2, 2017.  (Doc. 5).  The summons issued the next day.  (Doc. 7).

Defendant filed a motion to dismiss September 22, 2017.  (Doc. 8).  Plaintiff did not respond.

On November 6, 2017, Defendant moved to compel Plaintiff to comply with the Court's Order (Doc. 4) and participate in a case management conference. (Doc. 11). Plaintiff did not respond.

Given Plaintiff's failure to respond, the undersigned set a telephone status conference for December 1, 2017. (Doc. 12). Despite being duly noticed, Plaintiff failed to appear.[1] An Order to Show Cause was entered the same day. (Doc. 14). Therein, Plaintiff was Ordered to appear in person on January 4, 2018, to show cause why he should not be held in contempt or otherwise sanctioned for failing to comply with the Court's Order (Doc. 4) of July 5, 2017; appear at the status conference on December 1, 2017; respond to Defendant's motion to compel (Doc. 11); and respond to Defendant's motion to dismiss (Doc. 8). (*See* Doc. 14). Further, Plaintiff was cautioned that his failure to appear may result in the imposition of monetary sanctions and would result in a report recommending that his case be dismissed for failure to prosecute. *Id*.

By Order of December 5, 2017, Defendant's motion to compel was granted and Plaintiff was Ordered to participate in a case management conference with defense counsel within fourteen days. (Doc. 15).

---

[1] A review of the case docket reflects notice of this hearing was mailed to Plaintiff November 24, 2017. Additionally, chambers emailed Plaintiff notice of the hearing November 22, 2017, and the email has not bounced back.

On January 4, 2018, Plaintiff failed to appear at the show cause hearing.[2] Defense counsel represented he had not had contact with Plaintiff despite efforts to engage him in a case management conference.

A district court is authorized to dismiss a case for failure to prosecute or failure to comply with a court order or the federal rules. Fed. R. Civ. P. 41(b); *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where "there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (quotation and citation omitted).

A district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction. Fed. R. Civ. P. 37; *see Gratton*, 178 F.3d at 1374. Further, it is within a court's inherent authority to involuntarily dismiss a claim for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). Local Rule 3.10 also provides that a court may dismiss a complaint for want of prosecution. *See* M.D. Fla. R. 3.10.

Here, Plaintiff has evidenced a complete lack of interest in participating in the prosecution of his claims despite efforts by the Court and defense counsel to engage him. Not only has he failed to participate in a case management conference as ordered on two occasions, he has twice failed to appear for hearings duly noticed by the Court. He also has been duly warned that his failure to participate in the proceedings would result in a dismissal of the suit. (Doc. 14 at 2). At no point in the litigation has Plaintiff made any showing of good cause to

---

[2]While noticed to appear in person, my chambers attempted to contact Plaintiff via telephone but he was unable to be reached at the telephone number listed on the case docket.

justify his failure to prosecute his claims. Further, the Court can have no confidence that another order of the Court directing Plaintiff's participation will necessarily result in the advancement of this cause. Thus, Plaintiff's case is one of the rare cases calling for the ultimate sanction of dismissal for failure to prosecute. To recommend otherwise would unnecessarily extend the financial burden on the Defendant and inappropriately approve of Plaintiff's conduct. Accordingly, I **RECOMMEND** that Plaintiff's case be dismissed with prejudice.

    Respectfully submitted on this
4th day of January 2018.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies to:
Honorable Steven D. Merryday, Chief U.S. District Judge
Counsel of Record
Pro se Plaintiff, Calvin N. Maultsby, 201 S. Las Vegas Ave. #419, Las Vegas, NV 89101